IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JODY GOLDSBERRY,                    )
                                    )
           Petitioner,              )
                                    )
     v.                             )        Case No.  4:19-cv-00950-AGF
                                    )
UNITED STATES OF AMERICA,           )
                                    )
           Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jody Goldsberry's motion to

supplement his original § 2255 motion and memorandum in support (ECF No. 23) and

motion for a 120-day extension of time to file a reply to the Government's response (ECF

No. 26).

On April 18, 2019, Petitioner filed his motion under 28 U.S.C. § 2255 to vacate,

set aside, or correct sentence, asserting the following claims: (1) Petitioner was

unconstitutionally deprived of his right to review discovery materials and obtain

transcripts that are not altered, molested, tainted, and/or incomplete; (2) defense counsel

was ineffective for failing to object to the Court sentencing Petitioner as an armed career

criminal under 18 U.S.C. § 924(e); (3) the Court failed to provide Petitioner with a

hearing on his objections to the presentence report; (4) Petitioner's second guilty plea

was involuntary and induced by coercion; (5) actual innocence; (6) counsel was

ineffective "during the course of several proceedings;"[1] and (7) the Court erroneously enhanced Petitioner's sentence under the sentencing guidelines. *See* ECF Nos. 1, 7.

The Government filed a response and attached certified copies of the transcripts of the following Court proceedings: (1) the July 15, 2014 hearing on Petitioner's motion to suppress; (2) the April 17, 2015 pretrial conference; (3) the April 24, 2015 change of plea hearing; (4) the August 11, 2015 hearing on Petitioner's motion to withdraw his guilty plea; (5) the August 21, 2015 hearing on Petitioner's motion to withdraw his guilty plea; (6) the January 28, 2016 pretrial conference and change of plea hearing;[2] (7) two volumes comprising Petitioner's sentencing held on July 22, 2016; and (8) the August 10, 2016 motion hearing and continued sentencing. ECF No. 22.

Now, Petitioner seeks to amend his § 2255 motion. He claims that the current Court record is incomplete and that he is unable to access discovery contained on four CD discs that he received from his former defense attorneys. He also maintains that a transcript of a jail phone call does not match the audio recording that accompanied the transcript or "what was said in open Court on Record."[3] ECF No. 23. He does not, however, attach the transcript or identify to what Court record he is referring.

---

[1] Petitioner states that he "cannot adequately address this argument until he receives a certified true and correct unmolested and unaltered digital audio recording" of his Court proceedings. ECF No. 7 at 13.

[2] The transcript is divided into parts, each labeled "excerpt." *See U.S. v. Goldsberry*, 4:14-CR-00091-AGF, ECF Nos. 138, 182, and 209.

[3] These materials appear to be on the CDs that Petitioner received from his former attorneys.

Petitioner further contends that he "has in hand absolute proof of malfeasance of the District Court, Petitioner's Attorney, and the District Court Stenographer" who "conspired together to deprive Petitioner of his constitutional right" to a complete transcript of various Court proceedings. ECF No. 23 at 3. He claims, without providing any evidence, that the Court directed the Court reporter to prepare incomplete transcripts. He also claims that he "is in possession of materially exculpatory evidence" of the conspiracy between the Court and defense counsel to alter Court records. Petitioner did not attach the purported evidence to his motion.

"A transcript certified by a court reporter 'shall be deemed prima facie a correct statement of the testimony taken and the proceedings had.'" *Hazelrigg v. United States*, No. CIV. 12-5034-JLV, 2012 WL 3129035, at *1–2 (D.S.D. July 31, 2012) (citing *United States v. Hill,* 78 Fed. Appx. 223, 225, 2003 WL 22346347 at *1 (4th Cir. Oct. 15, 2003) (quoting 28 U.S.C. § 753(b)). "A defendant's bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." *Id.*

Upon review, the Court concludes that Petitioner offers no evidence, other than his own statements, to support his contention that the transcripts were altered or inaccurate. For instance, Petitioner claims that transcripts of the January 28, 2016 pretrial conference and change of plea are labeled "excerpt," which demonstrates that they are incomplete. However, upon review, it appears that the proceedings held on January 28, 2016 were divided into two parts. In the first, the Court addressed various matters related to conducting a jury trial and Court procedures. *See U.S. v. Goldsberry*, 4:14-CR-00091-AGF, ECF No. 209. In the second, Petitioner entered into an open plea agreement on the

record.  *Id.*, ECF No. 138, 182.[4]  Accordingly, if Petitioner received both transcripts, he has a complete transcription of the hearing in his possession.  Petitioner has not offered any evidence that there were additional matters conducted on the record on this date that are not reflected in the transcripts.

Petitioner also claims that there exist discrepancies between the page numbers of the Government's transcripts and the transcript he already had in his possession.  However, he does not attach the allegedly inconsistent pages to his motion, and the Court identified none in its review of the transcripts in the underlying criminal matter.

In short, Petitioner is unable to overcome the statutory presumption of a transcript's correctness and accuracy.  Further, Petitioner's motion to amend his § 2255 motion contains no new claims or grounds for relief.   Instead, he is reasserting the claims contained in Ground 1 of his § 2255 motion.  Nevertheless, the Court will receive Petitioner's "motion to supplement original memorandum in support of his previously-filed § 2255 pursuant to Rule 15(c) of the Federal Rules of Civil Procedure" as a supplement to his § 2255 motion.

Petitioner also requests a 120-day extension to file his reply.  He contends that he needs additional time to review the transcripts attached to the Government's response brief and obtain complete and accurate copies of Court transcripts relevant to Petitioner's claims.  The Court concludes that the transcripts attached to the Government's response are true and accurate copies of the Court's proceedings in the underlying criminal matter.

_____

[4]       Docket entries 138 and 182 are identical.

Nevertheless, the Court will grant in part Petitioner motion, solely to allow Petitioner a 90-day extension to file a reply.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jody Goldsberry's motion to supplement his original § 2255 motion and memorandum in support is **GRANTED in part**. ECF No. 23.

**IT IS FURTHER ORDERED** that Petitioner Jody Goldsberry's motion for a 120-day extension of time to file a reply to the Government's response is **GRANTED IN PART AND DENIED IN PART**. ECF No. 26.

**IT IS FURTHER ORDERED** that, on or before **February 13, 2020**, Petitioner shall file his reply to the Government's response.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2019.